**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1302**

JOYCE WANJIKU THUKU; MWANZIA THUKU, a/k/a Muanzia Thuku;
MOSES MWANGI THUKU, a/k/a Moses Muangie Thuku; KARUNGU
THUKU; NYAMBURA THUKU, a/k/a Umbura Thuku,

                    Petitioners,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: August 20, 2013        Decided: September 5, 2013

Before NIEMEYER, AGEE, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington,
Virginia, for Petitioners.  Stuart F. Delery, Acting Assistant
Attorney General, Richard M. Evans, Assistant Director, Margaret
A. O'Donnell, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioners Joyce Wanjiku Thuku and her four children, natives and citizens of Kenya, petition for review of the Board of Immigration Appeals' ("Board") order dismissing the appeal of the immigration judge's order denying Thuku's application for withholding of removal.[*] We have thoroughly reviewed the record, including Thuku's declaration, the various supporting documents presented to the immigration court, and the transcript of the merits hearing. We conclude that the record evidence does not compel a ruling contrary to the immigration judge's finding that Thuku failed to demonstrate a nexus between her past persecution and claimed fear of future persecution and the statutorily protected grounds. See 8 U.S.C. §§ 1231(b)(3)(A), 1252(b)(4)(B) (2006). Our review of the record further confirms that substantial evidence supports the Board's decision to uphold the immigration judge's denial of Thuku's application for withholding of removal. See Gomis v. Holder, 571 F.3d 353, 359

---

[*] Thuku's four children were riders on her application, through which Thuku sought only withholding of removal. (Petitioners' Br. at 2 n.2). This court has held that "the statute permitting withholding of removal does not encompass derivative withholding claims, that is, claims for withholding of removal based on persecution to another person; instead, an alien seeking withholding of removal must establish that they will suffer harm if removed." Niang v. Gonzales, 492 F.3d 505, 513 (4th Cir. 2007). Both the Board and the immigration judge acknowledged the limitation on derivative claims for withholding of removal, and Thuku does not contest this issue.

2

(4th Cir. 2009) (explaining the "high degree of deference" this court affords to the Board's "determination of eligibility for withholding of removal").

Accordingly, we deny the petition for review for the reasons stated by the Board. See In re: Thuku (B.I.A. Feb. 5, 2013). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED